IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J.M., by and through his parent and natural guardian, Joy Braunstein,<br><br>    Plaintiff<br><br>    v.<br><br><br>PITTSBURGH PUBLIC SCHOOL DISTRICT<br><br>    Defendant | )<br>)<br>)<br>)    CASE NO _____<br>)<br>)<br>)<br>)    **ELECTRONICALLY FILED**<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT IN CIVIL ACTION

Plaintiff, J.M., a minor, by and through his parent and natural guardian, Joy Braunstein,

respectfully, by and through his undersigned counsel, Law Office of Jennifer O. Price,

hereby asserts the following Complaint in Civil Action against Defendant, Pittsburgh

Public School District, and in support thereof states as follows:

## JURISDICTION AND VENUE

1.  This Honorable Court has subject matter jurisdiction over this matter pursuant to 28

U.S.C. 1331, and 28 U.S.C. 1343, as this action arises under the laws of the United

States.

2.  Venue is proper pursuant to 28 U.S.C. 1391(b) in that the Defendants are subject to

personal jurisdiction under this district and because a substantial part of the events and/

or admissions giving rise to Plaintiff's claims occurred in this district.

1

3.  All of the Defendant's actions and omissions complained of herein have taken place within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

4.  J.M. is a seven (7) year old child who resides with his parent, Joy Braunstein, in the Pittsburgh Public School District of Allegheny County, Pennsylvania.  At all times pertinent to this complaint, Plaintiff was and continues to be a citizen of the United States and the Commonwealth of Pennsylvania.

5.  Defendant, Pittsburgh Public School District (hereinafter referred to as "School District"), is located at 341 S. Bellefield Avenue, Pittsburgh, PA 15213.  The School District receives federal funds for the purpose of providing education to children within the district including children with disabilities, such as J.M.

## RELEVANT LAWS AND POLICIES

6.  Section 504 of the Rehabilitation Act of 1973 reads, in pertinent part, "No otherwise qualified individual with a disability in the United States…shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance…"

7.  Title II of the Americans with Disabilities Act of 1990 reads, in pertinent part, "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

2

## STATEMENT OF RELEVANT FACTS

8.  School District is responsible for the acts and omissions of its employees.

9.  J.M. is a seven (7) year old child, and is currently enrolled at Pittsburgh Montessori PreK-5, an elementary school within the Pittsburgh Public School District.

10.  Joy Braunstein is the biological mother and natural guardian of J.M.

11.  J.M. is a student with a disability.  Plaintiff has been diagnosed with Tourette's Syndrome (TS) and Attention Deficit Hyperactivity Disorder, Combined Presentation (ADHD).

12.  Plaintiff has had this diagnosis throughout his entire elementary school career.

13.  Information regarding his disability is on file with the elementary school, along with his 504 Service Agreement.

14.  Plaintiff's disabilities affect major life activities, including, appropriately interacting with peers.

15.  Plaintiff's ADHD causes him to be inattentive, hyperactive, and impulsive. According to his records, he has demonstrated these behaviors for years, and they impact his functioning.

16.  TS is a complex disorder with primary symptoms including motor and vocal tics.

17.  Plaintiff's tics have manifested in the form of frequent throat clearing, teeth chattering, snorting, facial movements, and nose-picking.

18.  According to the 504 Service Agreement, initiated April 29, 2016, the "Behavioral/ Social" section read, "[Plaintiff] will not be told to stop ticking.  Students and staff will ignore the tics.  When he [sic] experiencing a mental tic, directions should be repeated once he is done with the mental tic."

19.  Approximately, six weeks later, an Evaluation Report was conducted, wherein

teacher observations included,

> …He often says inappropriate things either out loud or privately to other
> students.  [Plaintiff] speaks loudly and in very close proximity to both
> adults and children…[Plaintiff] has difficulty making friends in the
> classroom because some have reached their peak level of tolerance for
> some of his behaviors (touching them, chasing, etc.). He wants to have
> friends but he lacks the social skills necessary to make and maintain
> friendships in an appropriate manner.

20.  According to the modified 504 Service Agreement, dated October 21, 2016, the

"Behavioral/Social" section read, "Allow for time with a peer buddy or mentor when

appropriate; allow for movement breaks when appropriate; [Student] will not be

redirected for tics-tics will be ignored."

21.   On December 22, 2015, there was an email exchange between father and the

teacher discussing, among other things, Plaintiff being bullied.

22.  On February 3, 2016, there was another email exchange between the mother, Joy

Braunstein, and the teacher concerning Plaintiff being called a "dummy" by classmates

wherein the teacher expressed that students have negative reactions towards him due

to his inappropriate conduct.

23.  Throughout the 2015-2016 and 2016-2017 school years, parents complained

numerous times to teachers and administration regarding Student being bullied by

classmates.

24.  After parents hired an attorney, for another unrelated matter, a bullying packet was

forwarded to John O'Connell, Compliance Officer for Student Bullying and Harassment,

to investigate the incidents of bullying.

25.  O'Connell opened an investigation on or about October 4, 2016.

26.  The investigation concluded that no bullying occurred, due to Plaintiff's provocative conduct.

27.  The investigation report reasoned no pattern of behavior; no consistent student with whom Plaintiff seemed to have an issue; and Plaintiff provoking students' negative reactions to him through "attention-seeking behavior."

28.  Father emailed O'Connell about appealing the conclusion, to which O'Connell emailed he would forward the appeal information to Dr. Dara Ware Allen, Assistant Superintendent, and respond to the appeal by December 24, 2016.  To date, no further communication has been extended to either parent of Plaintiff and there was never a response to the appeal from Mr. O'Connell or Dr. Allen.

29.  Bullying of Plaintiff continued throughout the remainder of the school year, including a student placing a sign on his back in the Spring of 2017 that read, "Kick me," prompting classmates to kick him in the back.

## COUNT I
## DISCRIMINATION BASED ON DISABILITY
## (Title II of the ADA)

*J.M.*

*v.*

*PITTSBURGH PUBLIC SCHOOL DISTRICT*

30.  The allegations set forth in Paragraphs 1 through 29 are hereby incorporated by reference as if more fully set forth herein.

31.  Plaintiff is a "qualified person with a disability," as defined in 42 U.S.C. 12131(2).

32.  Plaintiff was denied the benefits of the services, programs, and activities conducted on the campus of Pittsburgh Montessori PreK-5 School when being subjected to verbal, physical, and emotional abuse of classmates, known by teacher and staff.

33.  Plaintiff was denied these benefits by being harassed because of his disability.

34.  The harassment was severe and pervasive and created an abusive educational environment that spanned approximately two school years.

35.  Defendant knew of the harassment and failed to address the bullying incidents known by teachers and staff.  None of the teachers or staff created a learning environment tolerant of children with disabilities.  This showed deliberate indifference to the peer-to-peer harassment.

36.  The above-described actions of the Defendant are the direct and proximate cause of Plaintiff's injuries aforesaid.

37.  As a result of the above violation, Plaintiff has suffered damages, including but not limited to psychological trauma and needless isolation and/or segregation.

WHEREFORE, J.M., by and through his parent and guardian, Joy Braunstein, hereby demands judgment against Defendant to include, but not be limited to:

      (a) Compensatory damages;
      (b) Attorney's fees and costs of suit;
      (c) Other relief as deemed appropriate by this Honorable Court.

## COUNT II
## VIOLATION OF REHABILITATION ACT OF 1973

*J.M.*

*v.*

*PITTSBURGH PUBLIC SCHOOL DISTRICT*

38.  The allegations set forth in Paragraphs 1 through 37 are hereby incorporated by reference as if more fully set forth herein.

39.  Plaintiff is a "disabled/handicapped" individual, as defined in 29 U.S.C. 705, *et. seq.*

40.  The Rehabilitation Act and its implementing regulations require that Defendant administer programs/activities in the most integrated setting, appropriate to the needs of qualified handicapped/disabled persons.  28 C.F.R. 41.51 and 45 C.F.R. 84.4.

41.  Plaintiff has been denied the benefits of receiving an education in a harassment-free environment.

42.  Defendant violated the Rehabilitation Act by discriminating against Plaintiff in a number of ways, including:

    (a)  Not investigating *all* allegations of bullying beginning December of 2015;

    (b)  Blaming Plaintiff for other kids' harassing and bullying conduct;

    (c)  Not accepting and responding to Parent's appeal of the one bullying investigation complaint that was filed;

    (d)  Not educating the classroom, teaching staff or administration on Tourette's Syndrome, the associating tics, and how to respond to tics;

    (e)  Not changing Plaintiff's 504 Service Agreement to reflect the negative interactions between Plaintiff and classmates to appropriately deal with future problems.

43.  This conduct represented deliberate indifference to the peer-to-peer harassment Student endured.

44.  This conduct was a direct and proximate cause of the harm to J.M., who has been emotionally traumatized by the incidents.

WHEREFORE, Plaintiff, by and through his natural guardian, Joy Braunstein, hereby

demands judgment against Defendant to include but not be limited to:

(a)  Compensatory damages;
(b)  Attorney's fees and costs of suit;
(c)  Other relief as deemed appropriate by this Honorable Court.

## COUNT IV
## ATTORNEY'S FEES

### *J.M.*

### *v.*

### *ALL DEFENDANTS*

45.  The allegations set forth in Paragraphs 1 though 44 are hereby incorporated by

reference as if more fully set forth herein.

46.  J.M., by and through his parent and natural guardian, Joy Braunstein as the

prevailing party in this federal litigation would be entitled to attorney's fees.

WHEREFORE, J.M., by and through his parent and natural guardian, Joy Braunstein

demand judgment against the Defendants for attorney's fees, plus interest, costs of suit,

and any other relief as this Honorable Court deems just and proper.

## NOTICE OF PRESERVATION OF EVIDENCE

PLAINTIFF HEREBY DEMANDS AND REQUESTS THAT DEFENDANT TAKE

NECESSARY ACTION TO ENSURE THE PRESERVATION OF ALL DOCUMENTS,

COMMUNICATIONS, WHETHER ELECTRONIC OR OTHERWISE, ITEMS AND

THINGS IN THE POSSESSION OR CONTROL OF ANY PARTY TO THIS ACTION, OR

ANY ENTITY OVER WHICH ANY PARTY TO THIS ACTION HAS CONTROL, OR

FROM WHOM ANY PARTY TO THIS ACTION HAS ACCESS TO, ANY DOCUMENTS,

ITEMS, OR THINGS WHICH MAY IN ANY MANNER BE RELEVANT TO OR RELATE

TO THE SUBJECT MATTER OF THE CAUSES OF ACTION AND/OR THE

ALLEGATIONS OF THIS COMPLAINT.


**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all causes of action and issues so triable.

Respectfully submitted,


The Law Office of Jennifer O. Price

DATE: 7/28/17

By:  *s/ Jennifer O. Price*
Jennifer O. Price, Esquire
Bar ID:  306382

Attorney for Plaintiff, J.M., by and
through his parent and natural guardian,
Joy Braunstein

Law Office of Jennifer O. Price
3950 William Penn Hwy., Suite 6
Murrysville, PA 15668
(724) 519-7587

**JURY TRIAL DEMANDED**